IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-418-BO-BM

| | | |
|---|---|---|
| CARLOS A. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| DEPARTMENT OF COMMERCE et al., | ) | |
| | ) | |
| Defendants. | ) | |

This *pro se* case is before the court on the motion by plaintiff Carlos A. Alford ("plaintiff") to proceed *in forma pauperis* [DE-2] pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] This matter is also before the court on plaintiff's motion for pre-hearing conference [DE-5]. The motions were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1).

The court finds that plaintiff has demonstrated appropriate evidence of his inability to pay the required court costs, and the motion to proceed *in forma pauperis* [DE-2] will be ALLOWED. Based on the court's frivolity review and for the reasons stated below, the undersigned RECOMMENDS that plaintiff's complaint [DE-1] be DISMISSED IN PART and ALLOWED TO PROCEED IN PART. Additionally, plaintiff's motion for pre-hearing conference [DE-5] is DENIED AS MOOT as premature.

---

[1] Plaintiff has previously filed numerous complaints in this district. *See, e.g.*, *Alford v. United States*, No. 7:23-CV-1205-BO, 2023 WL 7927757, at *1 (E.D.N.C. Nov. 16, 2023); *Alford v. Bridenstine*, No. 7:21-CV-211-FL, 2022 WL 1311457, at *1 (E.D.N.C. May 2, 2022); *Alford v. McDonough*, No. 7:19-CV-186-FL, 2021 U.S. Dist. LEXIS 237475 (E.D.N.C. Dec. 13, 2021); *Alford v. McGregor*, No. 7:20-CV-31-D, 2020 WL 6139944, at *1 (E.D.N.C. Oct. 19, 2020); *Alford v. Nelson*, No. 7:23-CV-1670-BO-KS, 2024 WL 1776446, at *1 (E.D.N.C. Apr. 4, 2024), *memorandum and recommendation adopted*, No. 7:23-CV-1670-BO-KS, 2024 WL 1776361 (E.D.N.C. Apr. 24, 2024); *Alford v. Nelson*, No. 7:22-CV-173-FL, 2023 WL 5577309, at *2 (E.D.N.C. Aug. 29, 2023); *Alford v. White*, No. 7:23-CV-1206-D, 2023 WL 8199597, at *2 (E.D.N.C. Oct. 23, 2023), *memorandum and recommendation adopted sub nom. Alford v. Harris*, No. 7:23-CV-1206-D, 2023 WL 8190156 (E.D.N.C. Nov. 27, 2023).

<u>**ORDER ON *IN FORMA PAUPERIS* MOTION**</u>

To qualify for *in forma pauperis* status, a person must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. Accordingly, plaintiff's motion to proceed *in forma pauperis* [DE-2] is therefore ALLOWED.

<u>**ORDER ON MOTION FOR PRE-HEARING CONFERENCE [DE-5]**</u>

Plaintiff filed a motion requesting a pre-hearing conference [DE-5]. In the caption of his motion, plaintiff references the Equal Employment Opportunity Commission ("EEOC"), an EEOC case number, an "Agency Number," and the name of an administrative law judge. Plaintiff provides that the "Agency" will not respond to his offers and "request[s] a second pre-hearing conference so the agency can respond to my most recent offer of $100,000.00 and reinstatement of position as a permanent Field representative GS-6." [DE-5] at 1. Plaintiff also requests that "the Agency [provide discovery] that has already been discussed at the initial conference." *Id.* at 2. Based upon the context of the filings in this case, the court construes the "Agency" to be the United States Census Bureau (the "Census Bureau") under the United States Department of Commerce.

It is unclear what type of conference, hearing, or other remedy, plaintiff seeks from this court in his motion. On this basis alone, the motion is DENIED WITHOUT PREJUDICE. To the extent plaintiff is seeking a discovery conference or other hearing with this court, once the complaint survives a frivolity review and any defendants have been served with the complaint, the

court will generally order the parties to engage in a Rule 26 conference. *See* Fed. R. Civ. Proc. 16(b)(1). Accordingly, plaintiff's request for a pre-hearing conference is premature, and plaintiff's motion for pre-hearing conference is DENIED WITHOUT PREJUDICE.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. BACKGROUND

**A.      Factual allegations**

While somewhat unclear based on his various filings, plaintiff appears to assert claims against (i) the Department of Commerce Census Bureau; (ii) Acting Secretary of Commerce Jeremy Pelter ("Mr. Pelter"); (iii) Holly Hillman ("Ms. Hillman"); and (iv) "Mr. Tighe." [DE-1] at 1; [DE-1-3] at 1-2 (proposed summons to Mr. Pelter); [DE-1-3] at 3-4 (proposed summons to Ms. Hillman and "Mr. Tigh" [sic]); [DE-1-5].

Plaintiff claims that he was fired from his work as a field representative for the Census Bureau on a children's health survey. [DE-1] at 1. Plaintiff alleges that he received no training to conduct the survey and that the director of the program cleared him of all wrongdoing. *Id.* Plaintiff contends that "Mr. Tighe [sic] analogy of what happened is wrong" and that "if this is the basis of firing [plaintiff,] it should be overturned, and [plaintiff] should be given [his] job back." *Id.* Plaintiff claims that his supervisors harassed him "for over a year" through (i) threatening calls; (ii) emails confirming harassment; (iii) docking of plaintiff's pay and theft of his hours. *Id.* Plaintiff's direct supervisor[2] allegedly stated that as plaintiff's supervisor, she could take plaintiff's

---

[2] Plaintiff's filings suggest that Ms. Hillman was plaintiff's direct supervisor. For example, the United States Department of Commerce Report of Investigation, which plaintiff filed and which the undersigned generously construes as a part of plaintiff's complaint records plaintiff's allegations that "[h]is former supervisor, Holly Hillman, did not properly pay him for hours worked and reimburse him for mileage" and "interfered with his work assignments by removing cases from his workload, without first telling him." [DE-6-2] at 5-6. These allegations match conduct plaintiff attributes to this "direct supervisor" in his complaint, including that she could take plaintiff's hours whenever she was so inclined. [DE-1] at 1. Additionally, plaintiff filed an exhibit showing a "Atlanta Regional Office

3

hours whenever she was so inclined. *Id.* Plaintiff asserts that he requested reassignment to another supervisor, reassignment to another county, and accommodation for his "Combat Mental," but that such requests were disregarded. *Id.* Plaintiff claims that his direct supervisor falsely told her supervisor (the "second-level supervisor")[3] that plaintiff was only going to two-to-four houses in a four-hour period, while he was in fact visiting six-to-seven houses during such a period. *Id.* Plaintiff claims that when his supervisors stopped assigning him work, he "snapped and sent her an e-mail outlining everything she was doing wrong." *Id.* The second-level supervisor allegedly read the email and fired plaintiff. *Id.*

Plaintiff believes that he was fired in retaliation for filing an EEOC complaint against his direct supervisor. *Id.* Plaintiff provides that that he is 100% disabled and suffers from "schizoaffective PTSD, Anxiety, and Sleep Apnea." *Id.* He further asserts that he "hold[s] a 10-Point Veteran's Preference which means once [he] told [his] supervisors they were supposed to accommodate him," which would have required "no hollering or threatening [him]." *Id.* Plaintiff also claims that he was suspended from work because he "would not [follow his supervisor's directions to] obtain information by [illegal] means . . . from this black website and invade people's privacy." *Id.*[4]

**B.      Supplemental filings**

Plaintiff filed three documents, each titled "Defamation of Professional Character and Perjury." *See* [DE-6], [DE-7], [DE-8] (collectively, the "supplemental filings"). In these supplemental filings, plaintiff seeks to provide "the report from Investigation from the EEOC"

---

Organizational Chart Supervisory Relationship between Complainant and Management" showing that Holly Hillman was the direct supervisor of the complainant, plaintiff. [DE-6-6] at 1.

[3] Plaintiff's filings suggest that Mr. Tighe was plaintiff's second-level supervisor.

[4] Plaintiff also attaches a civil cover sheet to his complaint reflecting a different case number, *i.e.*, 4:25-CV-52-FL, and different parties than the instant case, plaintiff: Jennie Nicole Walls, defendant: The State of North Carolina, Halifax County. [DE-1-1]. The undersigned construes this document as having been filed in error in this case.

4

([DE-6] at 1), as well as "several pages of emails that [plaintiff] sent into the agency administrative judge who analyzed the emails and never used them" ([DE-7] at 1). The undersigned generously construes these documents as seeking to supplement plaintiff's complaint. In these supplements, plaintiff alleges that "Ms. Holly [sic] field [sic] lied under oath and Mr. Tighe assisted her in her lies leading him to fire Mr. Alford without cause." [DE-6] at 1.

Under North Carolina law, there is no private cause of action for perjury. *Brewer v. Carolina Coach Co.*, 253 N.C. 257, 260, 116 S.E.2d 725, 727 (1960) ("[A] civil action in tort cannot be maintained upon the ground that a defendant gave false testimony or procured other persons to give false or perjured testimony."); *Gilmore v. Gilmore*, 229 N.C. App. 347, 351, 748 S.E.2d 42, 45 (2013) ("It is well established in North Carolina that neither perjury nor subornation of perjury may form the basis for a civil action.") (citing *Strickland v. Hedrick*, 194 N.C. App. 1, 19, 669 S.E.2d 61, 74 (2008)). Accordingly, any attempt by plaintiff to supplement his complaint to add such a cause of action would be futile.

Plaintiff's filings also appear to assert claims for defamation based on statements made in the context of and related to plaintiff's EEOC investigation. *See* [DE-8]. Under North Carolina law, "a defamatory statement is absolutely privileged if it is made in the due course of a judicial or quasi-judicial proceeding and is relevant and pertinent to the subject matter of the proceeding." *Bouvier v. Porter*, 386 N.C. 1, 10, 900 S.E.2d 838, 847 (2024). EEOC proceedings are quasi-judicial proceedings, and defendants' statements that were relevant to such proceedings are covered by absolute immunity. *See Swindell v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:21-CV-00676-FDW-DCS, 2024 U.S. Dist. LEXIS 100387, at *11 (W.D.N.C. June 5, 2024) ("This Court finds Defendant's statement to be in the course of the EEOC proceeding as it was a direct response to the Plaintiff's complaint. Accordingly, Defendant's statement is privileged and unable

5

to support a civil action for defamation.").

Plaintiff also provides over 700 pages of exhibits as attachments to his filings. *See* [DE-6-2 to 6-7]. To the extent that plaintiff attempted to make claims or legal arguments in those filings that are not addressed herein, the undersigned finds that any such claims or arguments suffer from deficient pleading under Rule 8, because their volume and lack of specificity fail to articulate "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Holder v. U.S. Marshals Office*, No. 5:16-CV-00145-FL, 2016 WL 3919502, at *1 (E.D.N.C. 17 May 2016) ("[T]he principles requiring generous construction of *pro se* complaints are not without limits."), *mem. & recomm. adopted*, 2016 WL 3920213 (July 15, 2016); *Walker v. Prince George's County*, 575 F.3d 426, 429 n.* (4th Cir. 2009) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Accordingly, while the undersigned has considered plaintiff's complaint, as supplemented by the factual allegations made in plaintiff's supplemental filings ([DE-6], [DE-7], [DE-8]), the undersigned does not consider these filings to add any viable legal claims to plaintiff's complaint.

**C.     Jurisdictional allegations**

Plaintiff alleges that jurisdiction before this court arises based on federal question jurisdiction and because the U.S. government is a defendant. [DE-1-5].

**D.     Legal claims and relief sought**

Plaintiff alleges that defendants engaged in (i) a state law claim of "defamation of professional character" because they "lied and perjured themselves." *Id.* The undersigned also generously construes plaintiff's complaint as asserting a claim for (ii) hostile work environment, (iii) failure to accommodate his mental disability of "schizoaffective PTSD, Anxiety, and Sleep

Apnea," and (iv) retaliatory discharge, each under the Rehabilitation Act of 1973, as amended (the "Rehabilitation Act"); as well as (v) a claim for retaliation under the Civil Service Reform Act of 1978, 5 U.S.C. §§ 1101 *et seq.* (the "CSRA") based on plaintiff's suspension in response to his refusal to engage in allegedly illegal activity. *See* [DE-1]. Plaintiff requests damages of $100,000,000. [DE-1-5].

## II. APPLICABLE LEGAL STANDARDS

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (providing standard for frivolity review). A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, the court holds a *pro se* plaintiff's pleadings to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton*, 504 U.S. at 32. The court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)) (alterations in original) (internal quotation marks omitted).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."); *Hill v. Se. Reg'l Med. Ctr.,* No. 7:19-CV-60-BO, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21, 2019), *mem. & recomm. adopted*, No. 7:19-CV-60-BO, 2019 WL 7163434 (E.D.N.C. Dec. 20, 2019), *aff'd*, 818 F. App'x 261 (4th Cir. 2020) (discussing the lack of federal question jurisdiction and diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless jurisdiction is affirmatively demonstrated. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party

8

asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

#### A. Rehabilitation Act claims

As noted above, the undersigned construes plaintiff's claims as alleging three claims of discrimination based on his disabilities: (i) hostile work environment, (ii) failure to accommodate and (iii) retaliatory discharge. A federal agency employee's claim for disability discrimination must proceed under the Rehabilitation Act rather than the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include . . . the United States"); *see also Alford v. Nelson*, No. 7:22-CV-173-FL, 2023 WL 5826902, at *2 (E.D.N.C. July 26, 2023) ("Disability discrimination claims against a federal agency are brought under the Rehabilitation Act rather than the ADA."), *memorandum and recommendation adopted*, No. 7:22-CV-173-FL, 2023 WL 5577309 (E.D.N.C. Aug. 29, 2023); *Green v. Garland*, No. 4:21-CV-2514-SAL-KDW, 2022 WL 3211217, at *14 (D.S.C. May 3, 2022) ("[F]ederal employee's disability-related claims lie under the Rehabilitation Act, not the ADA"), *report and recommendation adopted*, 2022 WL 2965634 (D.S.C. July 27, 2022). The Rehabilitation Act "incorporates the standards of Title 1 of the [ADA], 42 U.S.C. § 12111 *et seq.*, as to complaints alleging non-affirmative action discrimination." *Merrill v. McCarthy*, 184 F. Supp. 3d 221, 236 (E.D.N.C. 2016) (first citing 29 U.S.C. § 791(f), then citing 29 C.F.R. § 1614.203(b)).

#### 1. Retaliatory discharge

Plaintiff's claim for retaliatory discharge appears to be based on plaintiff's belief that plaintiff "was fired in retaliation for . . . filing an EEOC complaint against [his] supervisor." [DE-

1] at 1. The Fourth Circuit has repeatedly held that filing of an EEOC complaint is generally a protected activity. *See King v. Rumsfeld*, 328 F.3d 145, 151 (4th Cir. 2003); *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994). Yet plaintiff also alleges other grounds for his termination, including his second-level supervisor reading an email plaintiff had sent to his direct supervisor "outlining everything she was doing wrong" ([DE-1] at 1); "for working without pay on his days off" ([DE-8] at 4); and that "[plaintiff] drove [a rental] vehicle for 2900 miles, and he billed the Census for 3600 miles" (*id.*). *Cf. also* [DE-5] at 1 ("I was fired for going over the date of the survey I was working on."). In an ADA claim and hence in a Rehabilitation Act claim, when an alleged retaliatory motive was only one motivating factor, but not the "but-for" cause of termination, the claim must fail. *Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 235 (4th Cir. 2016) ("The only remaining question is whether the ADA's text calls for a 'but-for' causation standard. We hold that it does."); *Davis v. W. Carolina Univ.*, 695 F. App'x 686, 688 (4th Cir. 2017) ("If an employer acts with a mixed motive -- both a discriminatory and non-discriminatory reason -- then the employer is not liable."). Here, plaintiff attributes his termination to several motives, at least some of which were non-discriminatory. Accordingly, his retaliatory termination claim must fail and the undersigned RECOMMENDS this claim be DISMISSED.

### 2. Hostile work environment; Failure to accommodate

The undersigned RECOMMENDS that plaintiff's claims for hostile work environment and failure to accommodate under the Rehabilitation Act be ALLOWED TO PROCEED against the Secretary of Commerce at this time. For the avoidance of doubt, the undersigned makes no findings on whether such claims would survive a fully briefed 12(b) motion. *Sofer v. N.C. Hertford Police Dep't*, No. 91-7024, 1991 U.S. App. LEXIS 12918, at *7 (4th Cir. June 21, 1991) ("[C]laims which are founded upon 'indisputably meritless legal theories' or 'clearly baseless'

10

factual contentions may properly be dismissed as 'frivolous' under § 1915(d)[;] . . . [i]n all other cases, however, a case should be allowed to progress, even where it appears that it will not survive a motion under 12(b)(6)."). For example, while the presence, absence, or timing of a Right to Sue letter from the EEOC may be relevant to the disposition of plaintiff's Rehabilitation Act claims, such questions are better considered on a fully briefed 12(b) motion.

## B.    CSRA claim

Plaintiff claims that he was suspended from work because he "would not [follow his supervisor's directions to] obtain information by [illegal] means . . . from this black website and invade people's privacy." [DE-1] at 1. The CSRA prohibits a federal agency from taking or failing to take a "personnel action" against an employee for "refusing to obey an order that would require the individual to violate a law, rule, or regulation." 5 U.S.C. § 2302(b)(9)(D). The Fourth Circuit has found that a suspension qualifies as a prohibited "personnel action" against an employee. *Mikhaylov v. Dep't of Homeland Sec.*, 62 F.4th 862, 864 (4th Cir. 2023) (considering a two day suspension by the Department of Homeland Security as a personnel action).

Such a claim is, however, also subject to an administration exhaustion requirement. *See* 5 U.S.C. § 1214(c)(1); *Butler v. West*, 334 U.S. App. D.C. 55, 164 F.3d 634, 638 (1999) ("An employee who intends to pursue a mixed case . . . can choose between filing a 'mixed case complaint' with her agency's EEO office and filing a 'mixed case appeal' directly with the [Merit Systems Protection Board]."). Yet, this question is best considered on a fully briefed 12(b) motion. Accordingly, the undersigned RECOMMENDS that plaintiff's CSRA claim be allowed to proceed at this time.

## C.    Proper defendant

The only proper defendant to a federal-sector employment discrimination action under both

11

the CSRA and the Rehabilitation Act is the "head of the department, agency, or unit . . . ." 42 U.S.C. § 2000e-16(b)(3); *Alford v. Ballard*, No. 1:18-cv-00917 (LMB/MSN), 2018 U.S. Dist. LEXIS 236536, at *6-7 (E.D. Va. Dec. 27, 2018) ("Assuming plaintiff intended to assert claims based on . . . the Rehabilitation Act, or the CSRA, those claims cannot proceed against the named government employees in their individual capacities, as the only proper defendants would be the agency itself or the head of the agency sued in her official capacity."). While Mr. Pelter was the Acting Secretary of Commerce earlier in 2025, the current Secretary of Commerce is Howard Lutnick. The Federal Rules of Civil Procedure therefore require that Mr. Lutnick be substituted as the proper defendant. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."). Accordingly, the undersigned RECOMMENDS that Mr. Lutnick in his official capacity as the Secretary of Commerce be substituted as the defendant in this case.

**D. Defamation**

Plaintiff appears to raise a state law claim for defamation. To bring a claim for defamation, "a plaintiff generally must show that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." *Desmond v. News & Observer Publ'g Co.*, 241 N.C. App. 10, 16, 772 S.E.2d 128, 135 (2015). A North Carolina Court of Appeals has explained that:

> the term defamation applies to the two distinct torts of libel and slander. Libel *per se* is "a publication which, when considered alone without explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace" . . . Slander *per se* is "an accusation that the plaintiff committed a crime involving moral turpitude; (2) an allegation that impeaches the plaintiff in his trade, business, or profession; or (3) an imputation that the plaintiff

12

has a loathsome disease."

*Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29-30, 568 S.E.2d 893, 898 (2002) (internal citations omitted).

The undersigned construes plaintiff's complaint to allege that plaintiff's direct supervisor, Ms. Hillman falsely told the second-level supervisor, Mr. Tighe, that plaintiff was only going to two-to-four houses in a four-hour period, while he was in fact visiting six to seven houses in a four-hour period.  [DE-1] at 1.  The undersigned generously construes this allegation as claim that Ms. Hillman's statement tended to impeach plaintiff in his trade or profession.  *Boyce & Isley, PLLC*, 153 N.C. App. at 29-30, 568 S.E.2d at 898.  While defenses such qualified privilege may ultimately present a bar to plaintiff's defamation claim, such defenses are more appropriately considered on a fully briefed Rule 12(b)(6) motion.

The undersigned does not discern a claim for defamation against any other defendants in plaintiff's complaint.  To the extent that plaintiff contends that his supplemental filings assert a claim for defamation by Mr. Tighe (*see, e.g.*, [DE-8] at 4) ("Mr. Tighe stated that Dr. Alford regularly inflated his hours"), such allegations were either made in the context of and are relevant to the EEOC proceedings or otherwise fail to satisfy one or more of the elements for a defamation claim.  Accordingly, the undersigned RECOMMENDS that Mr. Tighe be DISMISSED as a defendant.

The undersigned notes that the Federal Tort Claims Act ("FTCA"), as amended by the Federal Employee Liability Reform and Tort Compensation Act ("FELRTCA"), codified at 28 U.S.C. §§ 1346(b), 2671-80, "immunizes a federal employee from liability for his 'negligent or wrongful acts or omissions . . . while acting within the scope of his office or employment . . . .'" *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997) (alterations in original) (quoting 28

13

U.S.C. § 2679(b)(1)).  The FTCA expressly excludes claims of libel and slander from its scope.  *See* 28 U.S.C. § 2680(h); *Johnson v. Carter*, 983 F.2d 1316, 1323 n.9 (4th Cir. 1993) ("The United States has not waived its sovereign immunity in defamation actions.").  "When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act."  *Id.* (citing 28 U.S.C. § 2679(d)(1)).  Yet as defendants have not yet been served in this matter, and the United States Attorney has not yet filed a certification, consideration of this question is premature at this juncture.

Accordingly, the undersigned RECOMMENDS that plaintiff's claim for defamation against Ms. Hillman be allowed to proceed and that any other claims be DISMISSED for failure to state a claim.  For the avoidance of doubt, the undersigned makes no findings on whether the defamation against Ms. Hillman would survive a fully briefed 12(b) motion.  In addition, the proposed summons that plaintiff provided for Ms. Hillman also includes "Mr. Tigh" as an addressee.  *See* [DE-1-3] at 3.  Each summons must be addressed to one specific defendant.  *See* Fed. R. Civ. P. 4(a)(1)(B); *Brissett v. Freemont Inv. & Loan Corp.*, No. 4:08-CV-77-F, 2010 WL 3003361, at *2 (E.D.N.C. July 29, 2010) ("[A] plaintiff must present a properly completed summons for each defendant in an action to the clerk, who will then sign, seal, and issue the summonses to plaintiff for service upon each defendant.") (citing Fed. R. Civ. P. 4(b)).  Accordingly, plaintiff must provide a corrected proposed summons before service can be affected.

## <u>CONCLUSION</u>

For the reasons set forth above, plaintiff's motion for pre-hearing conference [DE-5] is DENIED WITHOUT PREJUDICE.

Additionally, for the reasons set forth above, the undersigned RECOMMENDS that

14

plaintiff's claims be ALLOWED TO PROCEED IN PART and DENIED IN PART.

Specifically, the undersigned RECOMMENDS that court enter an order providing as follows:

1. The Secretary of Commerce, Howard Lutnick ("Mr. Lutnick"), is substituted as the defendant for plaintiff's Rehabilitation Act and Civil Service Reform Act claims.

2. Plaintiff's claim for retaliatory discharge under the Rehabilitation Act is DISMISSED.

3. Plaintiff's Rehabilitation Act claims for hostile work environment and failure to accommodate, as well as plaintiff's CSRA claim may proceed against the Secretary of Commerce, Mr. Lutnick, but are DISMISSED with respect to all other defendants.

4. Plaintiff's state law defamation claim may proceed against Holly Hillman ("Ms. Hillman"), but is DISMISSED with respect to all other defendants.

5. Defendants Mr. Lutnick and Ms. Hillman are government employees, and therefore, pursuant to Fed. R. Civ. P. 4(i), summonses are required for the agency or employee, the Attorney General of the United States, and civil process clerk for the United States Attorney. **Within 14 days** of this order, plaintiff shall provide proposed summonses for:

   a. Mr. Lutnick;

   b. Ms. Hillman;

   c. the civil process clerk and addressed to the United States Attorney for the Eastern District of North Carolina; and

   d. Attorney General of the United States.

15

6.   Failure by plaintiff to file proposed summonses as directed within 14 days of the date of this order, may result in the dismissal of this case without prejudice for failure to prosecute.

7.   If plaintiff files the proposed summonses within 14 days of the date of this order, upon their submission, if properly completed, the Clerk shall issue the summonses prepared by plaintiff.  The United States Marshal is then DIRECTED to serve defendants by delivering the summons to the addressee listed in the summons along with a copy of the complaint pursuant to Fed. R. Civ. P. 4 once the summons has been issued.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel.  Plaintiff shall have until **March 25, 2026**, to file written objections to this Memorandum and Recommendation.  The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions.  *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review.  In addition, the party's failure to file written**

16

**objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 10th day of March, 2026.

 

_____

Brian S. Meyers
United States Magistrate Judge