IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-418-BO-BM

|  |  |  |
|---|---|---|
| CARLOS A. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEPARTMENT OF COMMERCE et al., | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on the unopposed memorandum and recommendation of United States Magistrate Judge Brian S. Meyers. [DE 9]. Judge Meyers allowed plaintiff to proceed in forma pauperis and conducted a frivolity review. He recommended that the complaint be dismissed in part and allowed to proceed in part.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*,

288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

No party has objected to the M&R and the time for doing so has expired. The Court has reviewed the M&R for clear error and finds none. Accordingly, the M&R [DE 9] is ADOPTED in full. The Secretary of Commerce, Howard Lutnick, is substituted as the defendant for plaintiff's Rehabilitation Act and Civil Service Reform Act claims. Plaintiff's claim for retaliatory discharge under the Rehabilitation Act is DISMISSED. Plaintiff's Rehabilitation Act claims for hostile work environment and failure to accommodate, as well as plaintiff's CSRA claim may proceed against the Secretary of Commerce, Mr. Lutnick, but are DISMISSED with respect to all other defendants. Plaintiff's state law defamation claim may proceed against Holly Hillman but is DISMISSED with respect to all other defendants. Defendants Lutnick and Hillman are government employees, and therefore, pursuant to Fed. R. Civ. P. 4(i), summonses are required for the agency or employee, the Attorney General of the United States, and civil process clerk for the United States Attorney.

Within fourteen days of the entry of this order, plaintiff shall provide proposed summonses for Mr. Lutnick, Ms. Hillman, the civil process clerk and addressed to the United States Attorney for the Eastern District of North Carolina, and the Attorney General of the United States. Failure by plaintiff to file proposed summonses as directed within fourteen days of the date of this order's entry may result in dismissal of this case without prejudice for failure to prosecute. If plaintiff files the proposed summonses within fourteen days of the entry of this order, upon their submission, if properly completed, the Clerk shall issue the summonses prepared by plaintiff. The United States Marshal is then DIRECTED to serve defendants by delivering each summons to the addressee

2

listed in the summons along with a copy of the complaint pursuant to Fed. R. Civ. P. 4 once the summons has been issued.

SO ORDERED, this ___ day of April 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3